IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRITESMILE, INC. and BRITESMILE
DEVELOPMENT, INC.,

    Plaintiffs,

v.

DISCUS DENTAL, INC., et al.,

    Defendants.

AND RELATED COUNTERCLAIMS
_____/

No. C 02-03220 JSW

**ORDER GRANTING IN PART AND DENYING IN PART BRITESMILE'S MOTION TO DISMISS DISCUS DENTAL'S COUNTERCLAIMS IV-XII**

    Now before the Court is the motion of Plaintiffs BriteSmile, Inc. and BriteSmile Development, Inc. (collectively "BriteSmile") to dismiss the fourth through twelfth counterclaims filed by Defendant Discuss Dental, Inc. ("Discus"). Having carefully considered the parties' arguments and the relevant legal authority, the Court hereby GRANTS IN PART and DENIES IN PART the motion to dismiss.

## FACTUAL BACKGROUND

    On May 3, 2005, BriteSmile sent a letter to dentists who use Discus' teeth whitening products. The letter stated in pertinent part:

> ...BriteSmile believes that your use of certain teeth whitening products of Discus Dental, Inc. ("Discus") infringes valuable property rights of BriteSmile, and that this activity must cease and desist.
> 
> BriteSmile is the owner of a substantial patent portfolio dedicated to tooth whitening technology, including the following U.S. patents which may be of interest to you: U.S. Patent Nos. 6,343,933; 6,514,543; 6,536,628; 6,331,292; 5,922,307; 6,312,670; 6,322,773; and 6,488,914. BriteSmile has made a significant investment in its patent portfolio and is vigorous in its enforcement of these and other patents. You should be aware that BriteSmile is suing Discus over Discus' making, using and selling of technology that infringes several of these patents.
> 
> As a seller of Discus products, you are also infringing one or more of the

> BriteSmile patents. In particular, Discus' Zoom! Chairside system infringes one or more BriteSmile patents. In addition, several of Discus' take home products, including Zoom! Take Home, Nite White and Excel, which use a two component gel and a dual chamber static mixer, infringe other BriteSmile patents. Your use and sale of these Discus products constitutes infringement under U.S. patent laws.
>
> As an alternative to Discus' Zoom! Chairside system, BriteSmile is interested in granting you rights under BriteSmile's substantial patent portfolio by inviting you to become a licensed provider of BriteSmile products and services. Whether or not you are interested to become part of the BriteSmile opportunity, BriteSmile insists that you immediately cease and desist from all infringing use and sale of the Discus products covered by the above patents.

(Declaration of Shirish Gupta ("Gupta Decl."), Ex. 1.) On June 15, 2005, BriteSmile sent a follow-up letter to dentists stating:

> ...[T]he patent infringement litigation between BriteSmile and Discus is ongoing, with Discus still accused of infringement of three BriteSmile patents: U.S. Patent Nos. 6,343,933; 6,514,543; 6,536,628. In fact, Discus has changed its formulations for its products, and many of those changes were just revealed to BriteSmile.
>
> As a result of Discus' formulation changes, BriteSmile is not interested at this time in pursuing Discus' customers, the dentists, for past infringement based on those old formulations. BriteSmile will seek damages in that regard from Discus.
>
> As far as the new formulations are concerned, BriteSmile is currently evaluating whether those formulations infringe any BriteSmile intellectual property. If so, BriteSmile will consider all of its legal options for addressing the infringement by Discus and its customers.

(Gupta Decl., Ex. 3.)

Based in large part on these letters, Discus filed amended counterclaims against BriteSmile, seeking a declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6,488,914 ("'914 Patent"), 6,331,292 ("'292 Patent"), 5,922,307 ("'307 Patent"), 6,312,670 ("'670 Patent"), and 6,322,773 ("'773 Patent") pursuant to 22 U.S.C. § 2201.[1] Based on these letters accusing Discus' products of infringement and initially threatening to sue the dentists, Discus also filed counterclaims for tortious interference with prospective economic advantage and economic business relations, unfair competition under California Business and Professional Code § 17200, common law unfair competition, and trade libel.

BriteSmile now moves to dismiss the declaratory relief counterclaims for lack of subject matter jurisdiction, arguing that Discus does not have a reasonable apprehension of being sued

---

[1] Discus also filed counterclaims seeking declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6,343,933 ("'933 Patent"), 6,514,543 ("'543 Patent"), and 6,536,628 ("'628 Patent"), the patents over which BriteSmile has sued Discus for infringement in the above-captioned case, but BriteSmile has not moved to dismiss these counterclaims.

2

over the above patents. Alternatively, BriteSmile urges the Court to exercise its discretion to decline to hear the declaratory relief counterclaims. BriteSmile also moves to dismiss the state law counterclaims, arguing that they are preempted by the patent laws and that Discus failed to sufficiently allege these claims. The Court will address these arguments in turn.

## ANALYSIS

**A.   Legal Standards Applicable to Declaratory Relief Jurisdiction.**

In order to establish subject matter jurisdiction, Discus bears the burden of establishing that an "actual controversy" existed at, and has continued since, the time it filed its counterclaims. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995). The Federal Circuit applies a two-part test to determine if there is an actual controversy. *See, e.g., Fina Research, S.A. v. Baroid Ltd.,* 141 F.3d 1479, 1481 (Fed. Cir. 1998). First, the patentee must make an explicit threat or take other action that creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit. *Super Sack*, 57 F.3d at 1058. Second, there must be present activity that could constitute infringement or concrete steps taken with the intent to conduct such activity. *Id.* The focus of BriteSmile's motion is whether Discus has met its burden under the first prong.

**B.   Discus Has Not Met Its Burden to Show It Had A Reasonable Apprehension of Suit.**

"The reasonableness of a party's apprehension is judged using an objective standard[]" based on the totality of the circumstances. *Vanguard Research, Inc. v. Peat, Inc.*, 304 F.3d 1249, 1254 (Fed. Cir. 2002). "To put a putative infringer in reasonable apprehension of suit does not require an express charge of infringement and threat of suit; rather, such apprehension may be induced by subtler conduct if that conduct rises 'to a level sufficient to indicate an intent [on the part of the patentee] to enforce its patent,' *i.e.*, to initiate an infringement action." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 811 (Fed. Cir. 1996) (quoting *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992)).

The facts of this case establish that on May 3, 2005, BriteSmile sent to dentists informing them of its belief that their use of certain Discus' teeth whitening products "infringes

3

valuable intellectual property rights of BriteSmile." BriteSmile then listed eight patents, the three of which BriteSmile has sued Discus for infringement in this action plus the '914, '292, '307, '670, and '773 Patents, "which may be of interest to [the dentists]." BriteSmile stated that it is suing Discus over "several of these patents" and accused the dentists of infringing "one or more of the BriteSmile patents," without specifying which one or ones. Due to the number of patents lists in the letter and the fact that BriteSmile has only sued Discus over three of these patents in this lawsuit which has been proceeding now for over three years, the Court concludes that the letter is ambiguous as to whether it indicates an intent by BriteSmile specifically to initiate an infringement action on the '914, '292, '307, '670, or '773 Patents.

Discus' reliance on *Fina Research* for the proposition that a letter referring to multiple patents may create a reasonable apprehension of suit over any of those patents is misplaced. In *Fina Research*, the patentee sent two letters in which it directly accused the declaratory plaintiff of infringing "one or both" of two patents and stated the patentee's intent to "*vigorously protect and enforce its rights in the subject patents, including the filing of suit if necessary*." *Fina Research*, 141 F.3d at 1482 (emphasis in original). The patentee averred that the product at issue did not infringe one of these patents, and thus, the declaratory plaintiff only faced potential liability over the other patent. Under these circumstances, the court concluded that the letters created a reasonable apprehension of suit with respect to the patent on which the declaratory plaintiff faced potential liability. *Id*. at 1482-83.

In contrast here, BriteSmile's letter refers to eight patents, three of which are the subject of the infringement lawsuit which was been proceeding for over three years. The Court finds that BriteSmile's stated intent to initiate infringement actions with respect to the '914, '292, '307, '670, and '773 Patents is much more ambiguous than the patent at issue in *Fina Research*. Moreover, here, BriteSmile sent a follow-up letter in which BriteSmile only refers to the '933, '543, and '628 Patents and clarifies that it has no current intent to sue the dentists for infringement based on Discus' old formulations. These two letters, read together, in conjunction with the fact that BriteSmile has sued Discus over only three of the eight patents in a lawsuit which is now over three years old, do not create a reasonable apprehension of suit at

4

this time. Accordingly, the Court grants BriteSmile's motion as to Discus' fourth through eight counterclaims without prejudice to Discus refiling such claims if BriteSmile makes any further threatening statements regarding these patents.

Even assuming *arguendo* that these letters do create a reasonable apprehension of suit, the Court exercises its "unique and substantial" discretion to decline to hear these counterclaims for declaratory relief. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995); *EMC*, 89 F.3d at 810. "Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has discretion to decline that jurisdiction" *EMC*, 89 F.3d at 810; *see also Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (court may dismiss declaratory judgment action if its action is based on "a reasoned judgment whether the investment of time and resources will be worthwhile").

This case is more than three years old. The Court has already held a claims construction hearing and construed the disputed terms of the patents at issue. The Court concludes that exercising jurisdiction over these declaratory judgment counterclaims would unduly delay and complicate this patent litigation case. Thus, the Court exercises its discretion not to hear these counterclaims. However, if BriteSmile makes any further threatening statements regarding the '914, '292, '307, '670, and '773 Patents, the Court would be willing to revisit this decision.

**C.    Legal Standards Applicable to Motions to Dismiss for Failure to State a Claim.**

Motions pursuant to Federal Rule of Civil Procedure 12(b)(6) challenge the legal sufficiency of the claims asserted in the complaint. A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under this liberal standard, motions to dismiss are viewed with disfavor, and are rarely granted. *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986). The complaint is viewed in a light most favorable to the nonmoving party, and all factual allegations therein are taken as true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1989). Generally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.

5

1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted).

### D. Discus Sufficiently Alleges Its State Law Claims.

BriteSmile also moves to dismiss Discus' counterclaims for tortious interference with prospective economic advantage and economic business relations, unfair competition under California Business and Professional Code § 17200, common law unfair competition, and trade libel. BriteSmile argues that all of these claims are preempted by federal patent law. However, both parties agree that these state law claims are not preempted if Discus sufficiently alleges bad faith by BriteSmile. *See Zenith Electronics Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1355 (Fed. Cir. 1999) ("to avoid patent law preemption of ... state law claims, bad faith must be alleged and ultimately proven, even if bad faith is not otherwise an element of the tort claim.").

The Federal Circuit explained that while determining exactly what constitutes bad faith must be assessed on a case by case basis, "[o]bviously, if the patentee knows that the patent is invalid, unenforceable, or not infringed, yet represents to the marketplace that a competitor is infringing the patent, a clear case of bad faith representations is made out." *Id*. at 1354. Here, Discus alleges: "BriteSmile has sent letters to at least twelve doctors in the Chicago area, threatening a patent infringement lawsuit based on the '914 patent and other patents unless the doctors stop using Discus' products and switch to BriteSmile's products. ...On information and belief, unless enjoined, BriteSmile will continue to illegally coerce current customers and prospective purchasers of Discus' light activated and dual-barrel teeth whitening system not to purchase and use Discus' products under threat of suit for breach of an unenforceable contract and/or infringement of knowingly invalid and noninfringed patents." (Discus' Amended Answer and Counterclaims, ¶¶ 141, 142.) Discus further alleges that "BriteSmile made false and misleading threats of patent infringement in its at least twelve cease and desist letters sent to Discus' customers .... BriteSmile threatened Discus' customers with patent litigation based on a patent that BriteSmile admitted to this Court had 'errors in the prosecution had [*sic*] affected the ability to enforce the '914 patent against Discus." (*Id*. at ¶ 150.) Thus, Discus alleges that BriteSmile represented to Discus' customers that Discus is infringing a patent BriteSmile knows

6

is invalid, unenforceable, or not infringed. Therefore, the Court finds Discus sufficiently alleges bad faith conduct by BriteSmile to avoid preemption at this procedural stage and denies BriteSmile's motion on this ground.

BriteSmile also argues that Discus failed sufficiently to allege facts in support of its counterclaims for tortious interference with prospective economic advantage and economic business relations, unfair competition, and trade libel. In essence, BriteSmile proffers arguments about what the BriteSmile letters actually convey and whether the statements contained in those letters were false, misleading or coercive. Because these letters were not attached to Discus' complaint, the Court cannot address the actual content of the letters or other facts outside of the complaint on a motion to dismiss pursuant to Rule 12(b)(6). Accordingly, the Court denies BriteSmile's motion on these grounds.

### 1. Discus' Counterclaim for Tortious Interference with Prospective Economic Advantage and Economic Business Relations.

To state a claim for interference with prospective economic relations, a plaintiff must plead "that the defendant's interference was wrongful 'by some measure beyond the fact of the interference itself.'" *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393 (1995). "[A]n act is independently wrongful if it is unlawful ... if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1159 (2003). Discus premises its counterclaim for tortious interference with prospective economic advantage and economic business relations on BriteSmile's alleged false and misleading cease and desist letters and alleged violations of California Business and Professional Code sections 650 and 16600. Discus has also pled claims for unfair competition and trade libel based on the cease and desist letters. Because the Court concludes, as discussed below, that Discus adequately pled claims for unfair competition and trade libel, Discus has sufficiently alleged wrongful conduct.[2]

---

[2] BriteSmile argues that Discus has not properly alleged violations of California Business and Professional Code sections 650 and 16600. Although Discus' ultimate ability to demonstrate violations of these sections under the facts of this case seems doubtful, the Court need not evaluate the merits of such allegations at this time because the Court

7

### 2. Discus' Counterclaim for Common Law Unfair Competition.

BriteSmile argues, without any supporting authority, that Discus' common law unfair competition claim should be dismissed because it is duplicative of Discus' unfair competition claim under California Business and Professional Code § 17200. "California provides both statutory and common law causes of action for unfair competition. ... Each of these causes of action provides a theoretical state law basis for [a plaintiff's] requested relief." *Duncan v. Stuetzle*, 76 F.3d 1480, 1489 (9th Cir. 1996). Moreover, the statutory and common law claims are not identical. *See Smith & Hawken, Ltd. v. Gardendance, Inc.*, 2004 WL 2496163, *10, 2004 Copr. L. Dec. P 28,903, RICO Bus. Disp. Guide 10,787 (N.D. Cal. Nov. 5, 2004) (noting that punitive damages are available under a common law unfair competition claim, but not under Cal. Bus. & Prof. Code § 17200). Accordingly, the Court denies BriteSmile's motion to dismiss the common law unfair competition claim on this ground.

### 3. Discus' Counterclaim for Trade Libel

Finally, BriteSmile moves to dismiss Discus' trade libel counterclaim, arguing that Discus Dentail failed to allege false statements of fact or that BriteSmile acted with malice. To plead a claim for trade libel, a plaintiff must allege "that the defendant: (1) made a statement that disparages the quality of the plaintif's product; (2) that the offending statement was couched as fact, not opinion; (3) that the statement was false; (4) that the statement was made with malice; and (5) that the statement resulted in monetary loss." *Optinrealbig.com, LLC v. Ironport Systems, Inc.*, 323 F. Supp. 2d 1037, 1048 (N.D. Cal. 2004) (citing *Guess, Inc. v. Superior Court,* 176 Cal. App. 3d 473, 479 (1986)). Discus alleges that Britesmile sent letters to doctors disparaging the quality of Discus' products. Moreover, Discus alleges that the statements to the doctors were false, "couched as fact rather than opinion," and were made with malice. (Discus' Amended Answer and Counterclaims, ¶¶ 154-56.) The Court thus concludes that Discus sufficiently alleges facts to state a claim for trade libel. Accordingly, the Court denies BriteSmile's motion to dismiss Discus' state law counterclaims.

---

concludes that Discus has alleged other wrongful conduct.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART BriteSmile's motion to dismiss as follows:

(1) The Court GRANTS BriteSmile's motion to dismiss Discus' counterclaims for declaratory relief on the '914, '292, '307, '670, and '773 Patents (Discus' fourth through eighth counterclaims); and

(2) The Court DENIES BriteSmile's motion to dismiss Discus' counterclaims for tortious interference with prospective economic advantage and economic business relations, unfair competition under California Business and Professional Code § 17200, common law unfair competition, and trade libel (Discus' ninth through twelfth counterclaims).

**IT IS SO ORDERED.**

Dated: November 18, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE